**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
Jordan D. Santo, Esq. (320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANIKA ANDREWS,** | : | **Civil Action No.** |
| **1529 S Beulah Street** | : | |
| **Philadelphia, PA 19120** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **STATE OF NEW JERSEY,** | : | |
| **DEPARTMENT OF** | : | |
| **ENVIRONMENTAL PROTECTION,** | : | |
| **501 E State Street, 2ⁿᵈ Floor** | : | |
| **P.O. Box 420** | : | |
| **Trenton, NJ 08609** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Anika Andrews (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against State of New Jersey, Department of Environmental Protection (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Age Discrimination in Employment Act ("ADEA"), and the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant State of New Jersey, Department of Environmental Protection is a state department which monitors and regulates the supply and quality of natural resources with a location and headquarters located at 501 E State Street, 2nd Floor, P.O. Box 420, Trenton, NJ 08609.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

2

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the State of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on June 13, 2024, alleging race and age discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 524-2024-00219 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 8, 2024.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to her NJLAD claims.

3

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1973 and is African American.

21. On November 17, 2001, Defendant hired Plaintiff.

22. In September 2021, Defendant promoted Plaintiff to the position of Director of Watershed Protection and Restoration as part of a restructuring.

23. Plaintiff was well qualified for her position and performed well.

24. Importantly, Plaintiff was the only African American Director in the Watershed & Land Management Department.

25. In 2022, Vincent Mazzei (Caucasian), Assistant Commissioner of Watershed and Land Management, wanted Plaintiff to fill a position within her department with his personal Caucasian friend.

26. However, Plaintiff selected a more qualified minority candidate for the position.

27. As a result of selecting the more qualified minority candidate for the role, Mazzei harassed Plaintiff and yelled at her in front of coworkers.

28. As a result, Plaintiff filed a complaint with Defendant's EEO Department regarding Mazzei's conduct.

29. In addition, on December 23, 2022, Plaintiff filed a Charge of Discrimination with the EEOC.

30. Following Defendant's receipt of Plaintiff's EEOC Charge of Discrimination, Defendant transferred Mazzei and assigned Katrina Angarone (Caucasian) to the Assistant

4

Commissioner of Watershed and Land Management position, and in doing so became Plaintiff's supervisor.

31. Upon becoming Plaintiff's supervisor, Angarone began a campaign to harass Plaintiff in order to push her out of Defendant.

32. In January 2023, Angarone disregarded Plaintiff's input and regularly berated her verbally in meetings and in writing through emails and text messages which were frequently sent after working hours and on weekends.

33. Angarone also began to marginalize Plaintiff in order to undermine her in front of her staff and slow-rolled her Human Resources activities.

34. Angarone also met with the candidate that Plaintiff had selected over Mazzei's friend and proceeded to transfer him to another department without notifying Plaintiff.

35. In addition, Angarone removed elements of Plaintiff's department away from her, so that she only had three (3), while Caucasian Directors had five (5) to six (6).

36. Angarone also asked Plaintiff's coworkers for negative feedback regarding Plaintiff's work performance.

37. However, when Angarone could not obtain negative feedback regarding Plaintiff's performance, her mistreatment of Plaintiff intensified.

38. Angarone did not treat any other Directors in a similar manner.

39. Angarone's treatment continued throughout Plaintiff's employment.

40. In July 2023, Plaintiff contacted Defendant's EEO Department to file a complaint regarding Angarone's discriminatory and retaliatory conduct.

41. Despite having several interviews, Plaintiff did not receive a response from Defendant's EEO Department.

5

42. Following Plaintiff's interviews with Defendant's EEO Department, Angarone instituted a work group within Plaintiff's department.

43. This was not done for any other Director and allowed Mazzei to have input over the decisions in Plaintiff's department.

44. In early 2024, Angarone issued Plaintiff a performance review, with a rating that was the lowest she had received throughout her tenure at Defendant.

45. When Plaintiff asked why Angarone had issued her the performance rating, Anagarone replied that she wanted Plaintiff to grow.

46. However, Angarone did not provide any action plan to do this for Plaintiff.

47. Due to Angarone's continued discriminatory and retaliatory conduct and Defendant's refusal to properly address it, Plaintiff submitted her resignation on February 23, 2024, to be effective on March 8, 2024.

48. It is Plaintiff's position that she was discriminated against due to her race and age and retaliated against for engaging in protected activity in violation of Title VII, the ADEA and the NJLAD.

**COUNT I – AGE DISCRIMINATION**
**<u>AGE DISCRIMINATION IN EMPLOYMENT ACT</u>**

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff was born in 1973.

51. Plaintiff was qualified to perform the job.

52. Plaintiff was constructively discharged from Defendant.

53. Defendant treated younger employees more favorably than Plaintiff.

54. Defendant has no legitimate non-discriminatory reason for its actions.

55. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – AGE DISCRIMINATION**
**NEW JERSEY LAW AGAINST DISCRIMINATION**

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff was born in 1973.

58. Plaintiff was qualified to perform the job.

59. Plaintiff was constructively discharged from Defendant.

60. Defendant treated younger employees more favorably than Plaintiff.

61. Defendant has no legitimate non-discriminatory reason for its actions.

62. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a member of protected classes in that she is African American.

65. Plaintiff was qualified to perform the job.

66. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

67. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

68. Circumstances indicated that Plaintiff's race was the reason for the adverse employment action.

69. Defendant discriminated against Plaintiff on the basis of race.

70. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

71. The reasons cited by Defendant from the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

72. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – RACE DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

75. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

76. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

77. Plaintiff engaged in activity protected by the ADEA.

78. Plaintiff made internal complaints of age discrimination and filed a Charge of Discrimination with the EEOC.

79. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

80. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

81. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

82. Plaintiff engaged in activity protected by Title VII.

83. Plaintiff made internal complaints of race discrimination and filed a Charge of Discrimination with the EEOC.

84. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

85. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

86. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

87. Plaintiff engaged in activity protected by the NJLAD.

88. Plaintiff made internal complaints of age and race discrimination and filed a Charge of Discrimination with the EEOC.

89. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

90. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Anika Andrews, requests that the Court grant her the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Liquidated damages;

    (d)    Emotional pain and suffering;

    (e)    Reasonable attorneys' fees;

    (f)    Recoverable costs;

    (g)    Pre and post judgment interest;

    (h)    An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, Title VII and the NJLAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: July 2, 2024                    By:   */s/David M. Koller*
                                            David M. Koller, Esquire
                                            Jordan D. Santo, Esquire
                                            2043 Locust Street, Suite 1B
                                            Philadelphia, PA 19103
                                            215-545-8917
                                            davidk@kollerlawfirm.com
                                            jordans@kollerlawfirm.com

                                            *Counsel for Plaintiff*